UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAURA GAEDE,

        *Plaintiff*,

  -vs.-

MEDAILLE COLLEGE and
LORI V. QUIGLEY, individually and
in her capacity as Provost and Senior
Vice President for Academic Affairs of
Medaille College,

        *Defendants.*

**COMPLAINT**

---

## NATURE OF THE ACTION

1. This is an action to halt and seek redress for the unlawful discrimination on the basis of Attention Deficit Disorder, Learning Disability, Anxiety Disorder and Depression, in violation of the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq* and the Rehabilitation Act of 1973, 29 U.S.C.A, §701, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims asserted herein pursuant to 28 U.S.C. §1331. Plaintiff also seeks declaratory relief as authorized by 28 U.S.C. §§2201 and 2202.

3. Venue is based upon the residence of the plaintiff within the Western District of New York, as well as the principal offices of the defendants, which is also within the Western District of New York.

1

## PARTIES

4. Plaintiff, Laura Gaede (hereafter "Ms. Gaede" or "plaintiff"), is an adult resident of the United States, whose residence address is 110 Seymour Road, Rochester, New York 14609.

5. Defendant, Medaille College (hereafter "Medaille") is a private liberal arts college with its principal offices at 18 Agassiz Circle, Buffalo, New York 14214.

6. Defendant Lori V. Quigley (hereafter "Quigley") is Provost and Senior Vice President for Academic Affairs of Medaille College.

7. Upon information and belief, Medaille is a recipient of Federal financial assistance.

## FACTS

8. Medaille offers an educational program which culminates in the awarding of an Associate of Applied Science Degree in Veterinary Technology (hereafter the "VT program") which would permit a successful graduate to sit for the New York State Education Department's examination for licensure as a Veterinary Technician.

9. This program consists of an in-class component as well as external clinical placements in local veterinary hospitals.

10. Ms. Gaede applied to Medaille for admission into the VT program and was accepted for classes beginning in January, 2017.

11. Ms. Gaede has above average intelligence, however, she has also been diagnosed as suffering from Attention Deficit Disorder/Learning Disability, Anxiety Disorder, Depression and Hyperactivity/impulsivity.

12. Among the symptoms presented by Ms. Gaede as a result of the foregoing disabilities are excessive speaking, excessive restlessness, blurting out answers, difficulty waiting and interrupting or intruding in conversations and activities.

13. Ms. Gaede advised the defendant of the foregoing learning disabilities prior to her admission to Medaille.

14. Subsequent to her admission to Medaille, Ms. Gaede successfully completed her course work, achieving an overall Grade Point Average of 3.3 out of 4.0.

15. As part of her degree requirements, it was necessary for Ms. Gaede to complete 240 hours of preceptorship at a local veterinary clinic.

16. Medaille, through Megan Simeone, the college's Coordinator of the Veterinary Technician program, arranged for her to perform her externship at the Perinton Veterinary Hospital in Victor, New York.

17. Ms. Gaede commenced her externship on October 19, 2018.

18. On November 16, 2018, Perinton Veterinary Hospital advised Ms. Gaede and Medaille that it was terminating her externship, effective immediately.

19. According to an e-mail sent to Ms. Gaede by a Medaille employee, the hospital's justification for its termination of Ms. Gaede's externship was:

> "Perinton personnel had discussed with you on multiple occasions that your conduct over the course of this month; the most important concerns are lack of communication, your complaints in a disrespectful tone, and they had safety concerns. You also breached confidentiality and the hospital has a zero tolerance policy. It appears you have not been listening to instructions or feedback from the personnel. You have not mastered the basic skills and are asking to do more advanced skills in an unprofessional manner."

3

20. Medaille subsequently insisted that Ms. Gaede sign an "Agreement of Terms" which would allow her to continue her studies at Medaille.

21. One of the specified terms in the Agreement was that Ms. Gaede would be immediately dismissed from the VT program if she failed to abide by the policies set forth in the school's "Clinical Experience Conduct Policies for the Rochester Veterinary Technology Program".

22. Other than having Ms. Gaede sign the agreement, Medaille did nothing to address the reasons why Ms. Gaede was unable to comply with the requirements of the externship.

23. Ms. Gaede subsequently applied for and was accepted for an externship at the Banfield Pet Hospital in Henrietta, New York and Webster, New York.

24. Ms. Gaede commenced her externship at Banfield, however, on or about July 29, 2019, she received a letter from Lori V. Quigley, Ph.D., Provost and Senior Vice President for Academic Affairs at Medaille that she was being dismissed from the college, effective immediately.

25. As justification for the dismissal, Quigley relied upon an e-mail, dated July 24, 2018, from Erin Lesnick, a Banfield employee to Megan Simeone, at Medaille.

26. In her e-mail, Ms. Lesnick stated that "Laura's ability to communicate professionally as well as understand social cues was suboptimal if not completely absent".

27. Ms. Lesnick's e-mail also stated that "Laura struggles with her cognitive ability to listen and follow directions."

28. Prior to her expulsion by Quigley, no effort was made by Medaille to advise Ms. Gaede of the contents of Ms. Lesnick's e-mail, seek her response or address the reasons why Ms. Gaede was unable to comply with the requirements of the externship.

### AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12101, *et seq.*

29. The plaintiff repeats and realleges the foregoing paragraphs as if set forth in full herein.

30. Ms. Gaede suffers from a disability as that term is defined in 42 U.S.C. §12102(1).

31. More specifically, Ms. Gaede's diagnosed disorders, as set forth above in paragraph 9, constitute a mental impairment which substantially limits one of her major life activities, namely, completing her college VT externship.

32. The defendants unlawfully discriminated against Ms. Gaede on the basis of her disability by its failure to make reasonable accommodations in policies, practices, or procedures, which would have allowed Ms. Gaede to successfully complete her externship.

32. More specifically, the defendants, while aware of Ms. Gaede's various disorders, made no effort to counsel her or otherwise assist her in overcoming the obstacles posed by those disorders to the successful completion of her externship.

33. Based on the foregoing, the defendant has violated the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.*

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO THE REHABILITATION ACT OF 1973, 29 U.S.C.A. §701, *et seq.*

34. Solely by reason of her disability, Ms. Gaede was excluded from the participation in and/or denied the benefits of and/or subjected to discrimination under a program operated by Medaille which, upon information and belief, receives Federal financial assistance.

35. Based on the foregoing, the defendants have violated the Rehabilitation Act of 1973, 29 U.S.C.A. §701, *et seq.*

WHEREFORE, the plaintiff demands against the defendant as follows:

As to the First Cause of Action:

i. Judgment in the amount of Two Million Dollars ($2,000,000.00);

ii. A declaration that the defendant has violated the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.*

As to the Second Cause of Action:

i. Judgment in the amount of Two Million Dollars ($2,000,000.00);

ii. A Declaration that the defendant has violated the Rehabilitation Act of 1973, 29 U.S.C.A. §701, *et seq.*

Reasonable attorney's fees; and

Such other and further relief as this Court may deem just and proper.

Dated: 10/9/20

                                      JEFFREY WICKS, PLLC
                                      Jeffrey Wicks, Esq.
                                      *Attorneys for Plaintiff*
                                      36 W. Main St., Suite 101
                                      Rochester, New York 14614
                                      Tel.: (585) 325-6070
                                      Fax.: (585) 326-6082